**Don SCHAUTTEET, Relator,**

v.

**The Honorable Earl B.
STOVER, Respondent.**

**Nos. 09–87–152 CV, 09–87–153 CV.**

Court of Appeals of Texas,
Beaumont.

March 31, 1988.

Rehearing Denied April 20, 1988.

Robert G. Bailey and Mark F. Elvig, Brill & Brooks, Houston, for relator.

Karl C. Hoppess and Timothy Basquill, Hoppess, Cowgill & Emmott, P.C., Guy E. Matthews, Houston, J. Hoke Peacock, Orgain, Bell & Tucker, Beaumont, Vernon Runnels, Tyler, John E. Kinney, Woodville, Daniel V. Flatten, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for respondent.

OPINION

DIES, Chief Justice.

Relator filed a shareholders' derivative action against the First State Bank of Colmesneil (hereinafter referred to as the "Bank"), J.B. McClanahan and others on December 16, 1985 (Cause No. 09–87–153 CV). The Bank on April 16, 1986, filed suit against Don Schautteet and J.B. McClanahan, former officers and directors of the Bank, alleging fraudulent conveyance of real property and fraudulent and improper loan transactions (Cause No. 09–87–152 CV). Relative to each of these actions, Schautteet requested production of, among other things, loan documents relating to customers of the Bank not parties to the pending action, and the Bank examiner's reports and loan documents related to trouble loans. The Bank sought a protective order from the trial court to prevent most of the disclosure requested. By orders dated October 17, 1986, and May 26, 1987, the court granted the request, determining that TEX.REV.CIV.STAT. art. 342–210[1] prevented production of certain information requested and that production of certain credit files without notification of Bank customers was precluded under TEX. REV.CIV.STAT.ANN. art. 342–705 (Vernon Supp.1988).

---

**1.** Acts 1983, 68th Leg., p. 2924, ch. 499, sec. 3,    eff. Sept. 1, 1983 (amended 1987).

■ Thereafter, Schautteet, as Relator, petitioned this court to mandamus the District Court to cancel its protective order. A writ of mandamus will not issue unless the trial court abused its discretion. *Barker v. Dunham,* 551 S.W.2d 41, 42 (Tex.1977); *Allen v. Humphreys,* 559 S.W.2d 798, 801 (Tex.1977).

### ARTICLE 342–210

■ This statute provides:

"[A]ll information obtained by the Banking Department relative to the financial condition of state banks other than call reports and profit and loss statements, whether obtained through examination or otherwise, except published statements, and all files and records of said Department relative thereto shall be confidential, and shall not be disclosed *by the Commissioner or any officer or employee of said Department....*" (Emphasis added)

We hold Article 342–210 provides no protection to a bank resisting discovery. *See King v. Ballard,* 643 S.W.2d 457, 463 (Tex. App.—Eastland 1982), *modified on other grounds,* 652 S.W.2d 767 (Tex.1983).

### ARTICLE 342–705

Section 1 of this statute contains the following exception to disclosure: "(ii) where the bank itself is a proper or necessary party to a proceeding in a court of competent jurisdiction...." Here, Bank is party plaintiff. How can Relator protect himself without the requisite disclosure? We find the trial court abused its discretion. Since we assume the trial court will observe this opinion, no writ will issue at this time.

Petition granted.